IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CRIM. NO. JKB-11-0426** |
| **GARY THENOR CROMARTIE,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * *

## MEMORANDUM

Petitioner Gary Thenor Cromartie has moved for this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging both ineffective assistance of counsel and actual innocence. (ECF Nos. 545, 546.) The Government has filed a Response in Opposition to Petitioner's Motion, (ECF No. 552) and Petitioner requested an extension because he had been temporarily moved to a different prison facility. (ECF No. 550.) The Court granted that request and extended Petitioner's deadline to reply until June 19, 2023. (ECF No. 553.) As Petitioner did not reply and the deadline has passed, his Motion is now ripe. No hearing is required. *See* Local Rule 105(6) (D. Md. 2023). For the reasons discussed below, the Court will deny the Motion.

## I. INTRODUCTION

> Section 2255 permits individuals who have been convicted of federal crimes and are consequently in federal custody, and who have exhausted their direct appeals, to move the sentencing court to vacate, set aside, or correct their sentence on the grounds that the sentence "was [1] imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack."

*In re McNeill*, 68 F.4th 195, 200 (4th Cir. 2023) (citing 28 U.S.C. § 2255(a)). The petitioner has the burden of showing that the "sentence is unlawful on one of the specified grounds." *United*

*States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010). If the petitioner meets this burden, then the Court should grant an "appropriate" remedy under the circumstances, such as discharging him from prison, resentencing him, or granting a new trial. *Id.* But if the petitioner fails to meet this burden, then the Court "must deny the petition." *Id.* (quoting *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007)).

## II. STATUTE OF LIMITATIONS

Section 2255 is subject to a one-year statute of limitations. The limitation period starts running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f). In other words, a petitioner must file his Section 2255 claim within a year of his conviction becoming final, unless one of the provisions under Section 2255(f)(2)–(4) extends the statute of limitations to a later date. Here, Petitioner's claim is untimely under Section 2255(f)(1), and none of the other provisions that could extend the statute of limitations apply.

### A. Section 2255(f)(1)

When a judgment of conviction is appealed, it becomes final for the purposes of Section 2255(f)(1) "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). A petitioner must generally file a petition of certiorari to the Supreme Court within 90 days of the entry of judgment by a federal court of appeals. Sup. Ct. R. 13 (2013).

The Court entered a judgment of conviction in this case on May 31, 2013. (ECF No. 316.) The United States Court of Appeals for the Fourth Circuit entered a judgment dismissing Petitioner's appeal on June 26, 2014. (ECF No. 371.) Petitioner did not seek certiorari review; accordingly, the statute of limitations began running 90 days thereafter, in September 2014. Petitioner did not file the present Motion until December 2, 2022, over eight years after the statute of limitations began running. Thus, Petitioner's claim is untimely unless he can show that one of the other provisions of Section 2255(f) extends the limitation period to a later starting date.

**B. Section 2255(f)(2)**

Section 2225(f)(2) applies when "the Government acted in violation of the Constitution" and these unlawful actions "prevented [Petitioner] from filing a 28 U.S.C. § 2255 motion." *Johnson v. United States*, 259 F. Supp. 3d 356, 359 (D. Md. 2017). Here, Petitioner has not raised Section 2255(f)(2) in his Motion, nor has he alleged any unlawful governmental action that prevented him from filing the Motion earlier. Accordingly, Section 2255(f) cannot extend the statute of limitations period.

**C. Section 2255(f)(3)**

Section 2255(f)(3) extends the statute of limitation in certain situations where the Supreme Court has recognized a new right and made that right retroactive. In particular, "to obtain the benefit of the limitations period stated in § 2255(f)(3), [Petitioner] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (quoting 28 U.S.C. § 2255(f)(3)).

In his Motion, Petitioner cites to *Schlup v. Delo*, 513 U.S. 298 (1995), and to *United States v. Swaby*, 855 F.3d 233 (4th Cir. 2017). In *Schlup*, the Supreme Court held that a prisoner may obtain federal habeas corpus relief, notwithstanding procedural default, if the prisoner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." 513 U.S. at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). And in *Swaby*, the Fourth Circuit held that a defendant was deprived of the effective assistance of counsel when his lawyer failed to properly advise him of the immigration consequences of entering into a plea agreement. 855 F.3d at 244.

Here, neither case can extend the statute of limitations period. *Schlup* was decided over twenty years before Petitioner filed for Section 2255 relief, and *Swaby* (which, in any event, was not a decision of the Supreme Court) was decided five years before the filing. Because Petitioner did not file his Section 2255 motion within a year of either decision, Petitioner cannot claim the benefit of either case to extend the statute of limitations.

**D. Section 2255(f)(4)**

Finally, 2255(f)(4) applies when the petitioner has discovered new facts that could not have been discovered in the year after his conviction became final. *Johnson*, 259 F. Supp. 3d at 359. Here, Petitioner does not cite to the discovery of any new facts in his case, let alone present any argument as to why such facts could not have been discovered earlier. Thus, 2255(f)(4) also cannot extend the statute of limitations period.

**E. Conclusion**

Under the framework of Section 2255(f), the one-year statute of limitations began running in September 2014. Because Petitioner did not file his motion until December 2022, and because

no other provision of Section 2255 is applicable, his claim is untimely, unless (as will be discussed next) Petitioner is entitled to equitable tolling.

## III. EQUITABLE TOLLING

The Fourth Circuit has recognized that Section 2255's statute of limitations is subject to equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). However, equitable tolling is available only in the "rare circumstances" where enforcing the statute of limitations would be "unconscionable" and result in "gross injustice." *Id.* (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). Thus, "to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *Id.* (quoting *Rouse*, 339 F.3d at 246).

In support of his Motion, Petitioner explains that he did not file his Section 2255 motion within the one-year time frame because he was "uneducated at time of sentencing," "ignorant to the legal system," and "didn't have support or help." (ECF No. 545.) It is understandable that a pro se litigant without formal legal training would be unaware of Section 2255's statute of limitations. But the Fourth Circuit has expressly held, in the context of Section 2255, that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *Sosa*, 364 F.3d at 512; *accord Ott v. Md. Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 661 (4th Cir. 2018) ("Ignorance of the law does not justify tolling, even when a party does not have legal representation."). Thus, Petitioner's lack of legal understanding cannot justify equitable tolling of the statute of limitations in this case.

## IV. GATEWAY INNOCENCE CLAIM

As mentioned above in the Court's discussion of the statute of limitations, Petitioner has raised a gateway innocence claim under *Schlup v. Delo*, 513 U.S. 298 (1995). (ECF No. 545 at 4;

ECF No. 546 at 4.) Under *Schlup*, even when a Section 2255 claim is untimely and equitable tolling is unavailable, "in certain exceptional cases, a compelling showing of actual innocence would enable a federal court to consider the merits of a petitioner's otherwise defaulted claims." *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) (citing *Schlup*, 513 U.S. at 316); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (applying *Schlup* to a Section 2255 claim). In other words, actual innocence, if proven, serves as a "gateway" that lets a petitioner bypass a procedural bar or statute of limitations and enables the Court to review the merits of an otherwise-barred claim. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This gateway is important, but the Supreme Court has emphasized that petitions successfully advancing a gateway innocence claim are "extremely rare." *Schlup*, 513 U.S. at 324. To prevail on a gateway innocence claim, the petitioner must provide "new evidence [that] shows 'it is more likely than not that no reasonable juror would have convicted [him].'" *McQuiggin*, 569 U.S. at 395 (quoting *Schlup*, 513 U.S. at 329).

Here, Petitioner asserts a gateway actual innocence claim, but does not cite to any evidence whatsoever, new or old, in support of his contention. (*See generally* ECF Nos. 545, 546.) The lack of any new evidence to support his claim of innocence is fatal to Petitioner's gateway innocence claim at this time. *See McGuiggin*, 569 U.S. 394–95 (explaining that a petitioner must provide "new evidence" in support of his actual innocence claim); *see also Couther v. United States*, 619 F. Supp. 3d 570, 580 (E.D. Va. 2022) (holding that a petitioner's gateway innocence claim under Section 2255 failed because he did not offer any new evidence). Thus, the Court cannot conclude that it is more likely than not that no reasonable juror would have convicted Petitioner. Accordingly, Petitioner fails to establish a gateway actual innocence claim, and the Court must deny the Motion.

## V. CERTIFICATE OF APPEALABILITY

A Section 2255 petitioner has no absolute entitlement to appeal a district court's denial of his petition absent issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Court is satisfied that no reasonable jurist would disagree with its conclusions in this case. Accordingly, the Court declines to issue a certificate of appealability. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (entertaining a request to grant a certificate of appealability after the district court declined to issue one).

## VI. CONCLUSION

For the reasons stated above, the Court will deny Petitioner's Section 2255 claim. A separate Order will issue.

DATED this 1 day of ~~August,~~ Sept. 2023.

BY THE COURT:

James K. Bredar
Chief Judge